# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES INC., ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>COBALT LABORATORIES INC., ET AL.,<br><br>    Defendants. | C.A. No. 08-21-GMS-LPS |
| FOREST LABORATORIES INC., ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES INC., ET AL.,<br><br>    Defendants. | C.A. No. 08-22-GMS-LPS |
| FOREST LABORATORIES INC., ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES INC., ET AL.,<br><br>    Defendants. | C.A. No. 08-52-GMS-LPS |
| FOREST LABORATORIES INC., ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>ORGENUS PHARMA INC.,<br><br>    Defendant. | C.A. No. 08-291-GMS-LPS |

## ORDER

At Wilmington this 2nd day of June, 2008.

IT IS ORDERED that a Rule 16 scheduling teleconference has been scheduled for **June 26, 2008 at 10:00 a.m.** with Magistrate Judge Stark. Plaintiffs' counsel shall initiate the teleconference call to 302-573-4573. Attached to this Order is a draft copy of the Magistrate Judge's Rule 16 Scheduling Order. Counsel shall confer regarding proposed dates in the scheduling order, and shall submit their proposal to the Court no later than three (3) business days before the teleconference.

The parties are required to discuss, prior to the teleconference, whether they unanimously consent to magistrate jurisdiction in whole or only with respect to particular motions, or not at all. The parties shall indicate in their cover letter with the proposed scheduling order that they have had these discussions and what the resolution has been. If there is not unanimous agreement, then only that fact need be reported, <u>and in no instance should there be disclosure of the identity of which, if any, party does not consent to magistrate jurisdiction.</u>

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

                                                 _____
                                                 UNITED STATES MAGISTRATE JUDGE

**DRAFT SCHEDULING ORDER [PATENT]**

This _____ day of _____ 200\_\_, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before        .

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before        .

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than       . If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than       .

4. ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on       at _____ \_\_.m. The *Markman* hearing is scheduled for a total of \_\_\_\_\_ hours with each side having       hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction

issues. On or before      , the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on      , and answering claim construction briefs on      . Briefing will be presented pursuant to the court's Local Rules, **with the following exception with regard to page limits:** unless otherwise approved by the court, no opening or answering brief shall exceed 20 pages in each instance exclusive of any table of contents or table of citations.

    5. **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before      . Opening expert reports on issues on which a party bears the burden of proof shall be served on or before      . Rebuttal expert reports shall be served on or before      . Expert Discovery in this case shall be initiated so that it will be completed on or before      .

    a. <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those

issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

      6. **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers. **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

    Any proposed protective order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to

disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to a United States Magistrate for the purpose of exploring the possibility of a settlement.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than ____. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than ____. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before ____. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on ____ at ____ __.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**: All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed

within two weeks of the summary judgment Status Conference, or within two weeks of the court's decision on whether it will permit summary judgment filing, whichever period is greater. Briefing will be presented pursuant to the court's Local Rules, **with the following exception with regard to page limits:** unless otherwise approved by the court, no opening or answering brief shall exceed 20 pages, and no reply brief shall exceed 10 pages, in each instance exclusive of any table of contents or table of citations. The parties may agree on an alternative briefing scheduling. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or the request will be denied.

10. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

12. **Daubert Issues.** The Court will address Daubert issues at the Pretrial Conference. Daubert issues are properly raised as a Motion *in Limine* (to be submitted in accordance with the Motion *in Limine* schedule) and will count toward the five (5) motions permitted per side.

13. **Pretrial Conference.** On ____, beginning at _____ ___.m., the Court

will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine*:** No party shall file more than five(5) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by         . Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov on or before         .

       14. **Trial**. This matter is scheduled for a       day (jury or bench) _____ trial beginning at 9:00 a.m. on         .

_____
UNITED STATES MAGISTRATE JUDGE